UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PROEQUITIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1125-JTM-TJJ |
| | ) | |
| DOUGLAS L. WIDLER, as trustee of the Billy | ) | |
| I. Widler Revocable Trust, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion Pursuant to Rule 4(m) (ECF No. 27). In its motion, Plaintiff seeks a ruling that the 90-day limit on service of process contained in Federal Rule of Civil Procedure 4(m) does not apply to its efforts to serve Defendant Aletha Widler in this case. In the alternative, Plaintiff seeks a 60-day extension of time in which to serve her.

Federal Rule of Civil Procedure 4(m) sets a 90-day time limit for a plaintiff to serve summons and the complaint upon all defendants: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule further states, however, that "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f), . . ."

Plaintiff filed the complaint on May 10, 2019. The 90-day mark from that date is August 8, 2019. On May 14, 2019, Plaintiff attempted to serve Defendant Aletha Widler by mail at an address in Georgia, but the mail was returned unexecuted on June 27, 2019. Plaintiff then learned this Defendant is living in Afghanistan, and in a July 9, 2019 email, Aletha Widler

provided Plaintiff her mailing address. The following day, Plaintiff mailed a waiver of service and the complaint to Aletha Widler.[1]

Plaintiff asserts the 90-day limit does not apply to its service on Aletha Widler because she is in a foreign country. Plaintiff is correct. "[T]here is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f). . . . Instead, courts have used a 'flexible due diligence standard' in determining whether service of process under Rule 4(f) is timely."[2] In its alternative request for relief, Plaintiff seeks a 60-day extension. Under the circumstances of this case, the Court will adopt that as an appropriate time and will set Plaintiff's service deadline at 60 days beyond August 8, which is October 7, 2019.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Pursuant to Rule 4(m) (ECF No. 27) is granted. Plaintiff shall complete service on or receive a waiver of service from Defendant Aletha Widler no later than October 7, 2019. Failure to serve within this 60-day time frame may result in dismissal of the case without prejudice under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of August, 2019.

Teresa J. James
U. S. Magistrate Judge

---

[1] The Court notes this means of service complies with Federal Rule of Civil Procedure 4(f).

[2] *United States S.E.C. v. Shehyn*, No. 04 Civ. 2003(LAP), 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) (internal citations omitted).