UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| PROEQUITIES, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1125-JTM-TJJ |
| | ) | |
| DOUGLAS L. WIDLER, as trustee of the Billy I. Widler Revocable Trust, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on the Motion for Appointment of Guardian Ad Litem filed by Defendant Douglas L. Widler, Trustee of the Billy I. Widler Revocable Trust (ECF No. 20). Douglas L. Widler ("Trustee") requests that the Court appoint a guardian ad litem for Defendants Rebecca Widler and Rachel Widler. Rebecca Widler and Rachel Widler oppose the motion. Defendant Albany Widler filed a response indicating her support of the motion, and Defendant Aletha Wilder has yet to be served. Plaintiff has not responded.

### I.  Background

Plaintiff filed this interpleader action seeking an order determining the rightful recipients to proceeds of an IRA owned by the decedent Billy Widler. Competing beneficiary designations exist: under the first version, all of the Defendants plus non-party Dana Widler (the father of Rebecca and Rachel) would receive some portion of the IRA; under the second version, only Defendants Rebecca, Rachel, and Albany and Aletha Widler would receive shares. In his motion, the Trustee states his intention to file a civil action against Dana Widler in the District Court of Chase County, Kansas to allege the second beneficiary designation is a forgery and the result of fraud by Dana Widler.

The complaint asserts that Rebecca and Rachel are minors. However, the complaint does not name a person who has the authority as natural parent or guardian to represent either minor, nor does it seek an order naming a guardian ad litem for either.[1] Attorney Joshua J. Boehm has entered his appearance for both Rebecca and Rachel and filed an answer for each of them. The answers use Rebecca and Rachel's initials instead of their names, with each filed "by and through her next best friend Dana Widler and through undersigned counsel."[2]

The Trustee contends the Court must appoint a guardian ad litem for DEW and DJW because attorney Boehm allegedly represents Dana Widler in his efforts to receive some of the proceeds at issue, thereby making his interests potentially contrary to those of his daughters. The Trustee further argues that Rebecca and Rachel's parents and their counsel are not appropriate representatives because they are not disinterested and able to act solely in the interests of Rebecca and Rachel.[3]

---

[1] Neither the complaint nor most of the documents filed in this case refer to Rachel and Rebecca by their initials, which is the common practice in court filings. See Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . the filing may include only . . . the minor's initials. . . ."). In this case, the Court permits the use of the minors' names and will not require the record to be retroactively corrected or require future filings to use initials. The Court's order is consistent with the practice in other cases involving defendants who are minors and for whom a guardian ad litem is belatedly requested. *E.g., California Cas. Indemn. Exch. v. Meek*, No. Civ. 05-333-GFVT, 2006 WL 980736 (E.D. Ky. Mar. 7, 2006); *Seibels, Bruce & Co.*, 168 F.R.D. 542 (M.D. N.C. 1996).

[2] ECF Nos. 16 and 17.

[3] No other mention is made of the mother. Presumably the Trustee seeks to preemptively remove her from consideration as next friend and representative.

In their joint response filed by attorney Boehm, Rebecca and Rachel contend the motion is premature because not all parties have been served.[4] The response acknowledges both are minors whose "natural father" and "custodial parent" is Dana Widler.[5]

In her response, Defendant Albany Widler asserts Rebecca and Rachel are entitled to counsel, and that based on the allegations in the motion, a conflict of interest exists between Dana Wilder and his minor children that requires appointment of a guardian ad litem.

## II. Applicable Law

Federal Rule of Civil Procedure 17(c) governs the procedural aspects of representation of a minor and the appointment of a guardian ad litem. The rule lists the representatives who may sue or defend on behalf of a minor: a general guardian, a committee, a conservator, or a like fiduciary. Under Rule 17(c)(2), the court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."[6]

A court's duty under Rule 17(c) has been described as follows:

> The decision to appoint a "next friend" or guardian ad litem rests with the sound discretion of the district court and will be disturbed only for an abuse of discretion. *In re Kloian,* 179 F. App'x. 262, 265 (6th Cir.2006) (quoting *Gardner v. Parson,* 874 F.2d 131, 140 (3d Cir.1989)). Unlike a determination of competency, a district

---

[4] Defendant Aletha Widler has not been served. The Court granted Plaintiff's motion regarding its efforts to serve her in a foreign jurisdiction and has extended the service deadline until October 7, 2019. *See* Order (ECF No. 30).

[5] ECF No. 25. The response states that it, like Rebecca and Rachel's answers, is brought "by and through their next . . . friend Dana Widler and through undersigned counsel." *Id.* at 1.

[6] In an action where the minor is a plaintiff, the plaintiff sues through a next friend. Where the minor is a defendant, however, the minor defends by a guardian ad litem. *Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n.1 (9th Cir. 1978).

court's decision whether to appoint a guardian ad litem is purely procedural and wholly uninformed by state law. *Gibbs v. Carnival Cruise Lines,* 314 F.3d 125, 135–36 (3d Cir.2002) ("A district court need not look at the state law, however, in determining what factors or procedures to use when appointing the guardian ad litem."); *Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir.2001) ("It is well settled that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c).").[7]

### III. Analysis

While the Court appreciates that it must protect the interests of minors who are parties to civil actions pending before it, the Court also recognizes that "a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child."[8] Based on the current record, the Court will apply Rule 17(c), which has been described to mean the following:

> (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the infant is protected without a guardian.[9]

Rebecca and Rachel are represented by counsel who has been retained by Dana Wilder. Because this is not a situation in which the reason a guardian might be necessary is that minors would otherwise be defending on their own, one option is to allow the case to go forward as is, relying on Rebecca and Rachel's counsel to represent their best interests. However, the Trustee

---

[7] *Scannavino v. Fla. Dept. of Corrections*, 242 F.R.D. 662, 666–67 (M.D. Fla. 2007).

[8] *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996).

[9] *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958).

asserts the same counsel also represents Dana, which stands to reason and is unrefuted. Based on the allegation that the second beneficiary designation was the product of fraud involving Dana, the possibility of a conflict of interest between Dana and his minor daughters gives the Court pause. And of course Dana is not a party, which puts the prospect of a conflict of interest in a different light.

The Court also finds it relevant that this is an interpleader action where the fund comprises proceeds of an IRA that should be distributed with as little diminution as possible. Appointing a guardian ad litem, particularly when counsel has been retained, could increase the costs and diminish the recovery for all beneficiaries.

The Court is persuaded that the best course, for now, is to deny the motion. Counsel has entered an appearance for Rebecca and Rachel, is actively defending the case, and the Court has no basis to conclude his representation is not adequate protection for the minors. Because not all Defendants have been served, the case is not ready for a Rule 16 conference, nor has the Court directed the parties to hold their Rule 26(f) conference or make their Rule 26(a) initial disclosures. The Court is not persuaded that a guardian ad litem is necessary at this time. The denial will be without prejudice to renewal if facts are developed which may change the Court's assessment. And when the Court convenes a Scheduling Conference, this issue will be included in the discussion.

**IT IS THEREFORE ORDERED** that Motion for Appointment of Guardian Ad Litem filed by Defendant Douglas L. Widler, Trustee of the Billy I. Widler Revocable Trust (ECF No. 20) is denied without prejudice.

5

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 19th day of August, 2019.

Teresa J. James  
U. S. Magistrate Judge